IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AERITAS, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 6:18-cv-106 |
| TACO BELL CORP. | § § | Jury Trial Demanded |
| *Defendant.* | § § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Aeritas, LLC ("Aeritas" or "Plaintiff") files this Complaint for patent infringement against Defendant Taco Bell Corp. ("Taco Bell" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under 35 U.S.C. § 1 *et seq*.

**PARTIES**

2. Aeritas is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas and its registered agent at 15950 Dallas Parkway, Suite 225, Dallas, TX 75248.

3. On information and belief, Taco Bell is a corporation organized and existing under the laws of the State of California. Taco Bell may be served via its registered agent for service of process: CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Taco Bell is subject to personal jurisdiction of this Court based upon it having regularly conducted business, including the acts complained of herein, within the State of Texas and this judicial district ("District") and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Taco Bell has committed acts of infringement and has regular and established places of business in this District.

## ASSERTED PATENTS

7. On November 8, 2011, United States Patent No. 8,055,285 (the "'285 patent") was duly and legally issued for a "Mixed-Mode Interaction." A true and correct copy of the '285 is attached hereto as Exhibit A. Aeritas is the owner of all right, title and interest in and to the '285 patent.

8. On July 12, 2016, United States Patent No. 9,390,435 (the "'435 patent") was duly and legally issued for a "Mixed-Mode Interaction." A true and correct copy of the '435 patent is attached hereto as Exhibit B. Aeritas is the owner of all right, title and interest in and to the '435 patent.

9. On February 6, 2018, United States Patent No. 9,888,107 (the "'107 patent") was duly and legally issued for a "Mixed-Mode Interaction." A true and correct copy of the '107 patent is attached hereto as Exhibit C. Aeritas is the owner of all right, title and interest in and to the '107 patent.

10. The '285, '435, and '107 patents ("Asserted Patents") were invented by Malik Mamdani, Patrick Johnson, Kevin Bomar, Curtis Grant, and Tim Whatley. Mr. Mamdani lives in Dallas, Texas. On information and belief, Mr. Johnson lives in Trophy Club, Texas. On information and belief, Mr. Bomar lives in Weatherford, Texas. On information and belief, Mr.

Grant lives in Flower Mound, Texas.  On information and belief, Mr. Whatley lives in Athens, Texas.  The Asserted Patents were prosecuted by David Judson, with an office in Dallas, Texas.

## BACKGROUND

11. Aeritas developed its mobile device location-based information service based on research and development activities that began around 2000.  In recognition of its pioneering efforts in this field, the United States Patent & Trademark Office issued the inventors several U.S. patents directed to Aeritas's innovative technology platform, service and notification method.  These include the Asserted Patents.

12. Taco Bell provides mobile device applications for both iOS and Android devices (https://www.tacobell.com/mobileapp) (collectively, the "Accused Instrumentality") which, on information and belief, operate substantially the same with respect to the Asserted Patents.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '285 Patent)

13. Aeritas incorporates paragraphs 1 through 12 as though fully set forth herein.

14. Taco Bell has been and is now infringing one or more claims of the '285 patent under 35 U.S.C. § 271 by making and/or using the Accused Instrumentality.

15. More particularly, Taco Bell infringes at least claim 1 of the '285 patent.  Taco Bell receives and stores an input in a user profile in a database, the input comprising consumer interest data (e.g., items in an order history).  At a second time, data identifying a current location of the mobile communications device on which the Accused Instrumentality is installed is obtained (e.g., when a user returns to their Order History to make an order).  Based on the input and location, Taco Bell performs a search to locate pertinent information (e.g., nearby stores capable of fulfilling a mobile order) and receives the results of such search.  Taco Bell then provides the information to the mobile communications device.

16. Aeritas has been damaged by Taco Bell's infringing activities and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '435 Patent)

17. Aeritas incorporates paragraphs 1 through 12 as though fully set forth herein.

18. Taco Bell has been and is now infringing one or more claims of the '435 patent under 35 U.S.C. § 271 by making and/or using the Accused Instrumentality.

19. More particularly, Taco Bell infringes at least claim 1 of the '435 patent. On information and belief, Taco Bell employs a processor and computer memory holding computer program instructions to perform the functions described herein. Taco Bell receives data indicating permission to provide a notification to a mobile device user in accordance with notification criteria (e.g., according to App notification settings). Taco Bell determines a location of the mobile device and, based on the location and notification criteria, provides at least a visual alert notification (e.g., a push notification to the mobile device when a user arrives at a location where a mobile order has been placed). Taco Bell receives second data as a result of an input being received at the mobile device (e.g., interaction with the notification), retrieves information associated with the input and location (e.g., pick-up options at the location), and provides responsive information to the mobile device (e.g., pick-up options and/or order information).

20. Aeritas has been damaged by Taco Bell's infringing activities and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court.

## THIRD CLAIM FOR RELIEF
### (Infringement of the '107 Patent)

21. Aeritas incorporates paragraphs 1 through 12 as though fully set forth herein.

22. Taco Bell has been and is now infringing one or more claims of the '107 patent under 35 U.S.C. § 271 by making and/or using the Accused Instrumentality.

23. More particularly, Taco Bell infringes at least claim 5 of the '107 patent. On information and belief, Taco Bell employs a processor and computer memory holding computer program instructions to perform the functions described herein. Taco Bell receives data indicating permission to provide a notification to a mobile device user in accordance with notification criteria (e.g., according to App notification settings). Taco Bell determines a location of the mobile device and, based on the location and notification criteria, provides at least a visual alert notification (e.g., a push notification to the mobile device when a user arrives at a location where a mobile order has been placed). Taco Bell receives second data as a result of an input being received at the mobile device (e.g., interaction with the notification), retrieves information associated with the input and location (e.g., pick-up options at the location), and provides responsive information to the mobile device (e.g., pick-up options and/or order information). On information and belief, the program instructions include first and second components of a rules engine to evaluate notification criteria (e.g., based on the existence of a mobile order and location) and execute notification rules (e.g., providing the notification if the criteria are met).

24. Aeritas has been damaged by Taco Bell's infringing activities and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Aeritas hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Aeritas requests that the Court enter a judgment in its favor and against Defendant as follows:

A.  Permanently enjoining Defendant, its agents, servants, and employees, and all those in privity with it or in active concert and participation with it, from engaging in acts of infringement of the Asserted Patents;

B.  Awarding Aeritas past and future damages together with prejudgment interest and post-judgment interest to compensate for the infringement of the patents-in-suit in accordance with 35 U.S.C. § 284;

C.  Declaring this case exceptional, pursuant to 35 U.S.C. § 285;

D.  Awarding Aeritas its costs (including expert fees), disbursements, and attorneys' fees; and

E.  Granting such further relief as this Court deems to be just and proper.

Dated: March 7, 2018                Respectfully submitted,

**DELGIORNO IP LAW, PLLC**

By: _/s/ Matthew DelGiorno_
Matthew DelGiorno
State Bar No. 24077131
matt@delgiornolaw.com

906 Granger Drive
Allen, TX  75013
Telephone:  (214) 601-5390

**ATTORNEY FOR PLAINTIFF
AERITAS, LLC**